IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JENNIFER SCHERR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 12 C 5913 |
| | ) |
| **CITY OF CHICAGO, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's (City) motion to dismiss, and on Defendant Officer Curtis Scherr's (Officer Scherr) and Defendant Ruben Briones' (Officer Briones) (collectively referred to as "Defendant Officers") motion to dismiss. For the reasons stated below, the motions to dismiss are granted.

## BACKGROUND

In February 2011, Plaintiff Jennifer Scherr's (Ms. Scherr) and Ryan Scherr's (Mr. Scherr) seven year old daughter was diagnosed with a terminal illness. Ms. Scherr contends that during her daughter's illness, Ms. Scherr learned that some

medical research indicated that certain oils derived from marijuana plants (Oils) had been effective in treating the illness and effective in relieving pain and discomfort in terminally ill patients. Ms. Scherr allegedly obtained the Oils from third parties and began administering the Oils to her daughter. In order to minimize the costs for the Oils, Ms. Scherr allegedly attempted to cultivate marijuana plants (Plants) in the basement of her residence (Residence). According to Ms. Scherr, Officer Scherr, who is a City police officer and Ms. Scherr's father-in-law, advised Ms. Scherr on the legal risks involved in growing the Plants and how to avoid such legal risks. Officer Scherr also allegedly provided Ms. Scherr with bulbs for the lighting used for the Plants and visited the Residence to check on the Plants on multiple occasions.

On July 10, 2012, Ms. Scherr's daughter passed away from the illness. As funeral arrangements were made, an existing conflict between Ms. Scherr, Mr. Scherr, and Officer Scherr allegedly rekindled. Ms. Scherr allegedly wanted the body of her daughter to remain at the Residence to allow the family to grieve and pay its respects, and Officer Scherr allegedly objected. Ms. Scherr and Mr. Scherr then allegedly asked that the names of Officer Scherr's daughters be removed from the obituary for Ms. Scherr's daughter. Ms. Scherr and Mr. Scherr also allegedly indicated that certain family members were not welcome at the funeral services for Ms. Scherr's daughter. After the funeral, Ms. Scherr's daughter was cremated, and

Officer Scherr allegedly went to the funeral home on July 17, 2012, and attempted to gain possession of the ashes of Ms. Scherr's daughter (Ashes), intending to deprive Ms. Scherr of possession of the Ashes. The funeral director allegedly refused to give Officer Scherr the Ashes, which allegedly angered Officer Scherr.

Approximately an hour and half later that day, Officer Scherr allegedly arrived at the Residence angry and agitated, and pounded violently on the door to the Residence. Ms. Scherr allegedly went outside to speak to Officer Scherr, who allegedly proceeded to yell and swear at Ms. Scherr. Eventually, Officer Scherr allegedly re-entered his vehicle and sped away, squealing his tires. Ms. Scherr contends that she was traumatized by the angry visit by Officer Scherr, especially since she was still in a vulnerable state of mind as she grieved for her lost daughter. Ms. Scherr also contends that her other minor children, who were present during the visit by Officer Scherr, were frightened and nervous about his possible return.

Later that same day, Defendant Officers allegedly crafted a sworn complaint (Warrant Complaint) relating to the Plants in the Residence in order to obtain a search warrant for the Residence. Ms. Scherr alleges that the Warrant Complaint affirmatively expressed false matters. For example, Ms. Scherr alleges that the Warrant Complaint failed to mention that the Plants were allegedly minimal in number, that the Plants were allegedly being grown to treat a terminally ill child, that

Officer Scherr had allegedly been aware of the Plants for months, that Officer Scherr had allegedly advised Ms. Scherr about the growing of the Plants, and that Officer Scherr had allegedly himself provided Ms. Scherr with the bulbs for the growing of the Plants.

Based on the information in the Warrant Complaint, a search warrant (Warrant) was allegedly issued by a judge, and on July 19, 2012, Drug Enforcement Agency agents (DEA Agents) allegedly executed the Warrant. According to Ms. Scherr, the DEA Agents did not find the Plants at the Residence because, upon the death of her daughter on July 10, 2012, Ms. Scherr had destroyed the Plants since they were no longer needed. As a result, the DEA Agents allegedly found nothing illegal in the Residence and no arrests were made.

Ms. Scherr includes in her complaint a claim seeking a preliminary injunction (Count I), a *Monell* claim against the City brought pursuant to 42 U.S.C. § 1983 (Section 1983) based upon alleged violations of the Fourth Amendment (Count II), and equal protection "class of one" Section 1983 claims brought against Defendant Officers (Count III). The City now moves to dismiss the *Monell* claim, and Defendant Officers move to dismiss the equal protection claims brought against them.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I. Preliminary Injunctive Relief (Count I)

In Count I, Ms. Scherr requests a preliminary injunction ordering Officer Scherr to remain at least 500 feet from the Residence. Ms. Scherr contends that she resides in the Residence with Mr. Scherr and her three minor children, who have indicated that they are worried about Officer Scherr returning to the Residence in an irate condition. Ms. Scherr requests that Officer Scherr stay away from the Residence for the safety of Ms. Scherr's family and to prevent additional emotional distress to her children. On October 24, 2012, Ms. Scherr and Officer Scherr entered into a stipulation, by which Officer Scherr agrees to abide by the terms sought in Count I. Therefore, Count I is dismissed as moot.

II. Fourth Amendment *Monell* Claim (Count II)

The City moves to dismiss the Fourth Amendment *Monell* claim. The Fourth Amendment to the United States Constitution protects the right of the people "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *see also United States v. Taylor*, 596 F.3d 373, 376 (7th Cir. 2010)(stating that "[t]he Fourth Amendment prohibits unreasonable searches and seizures"). In evaluating whether a search warrant is

valid, a court will assess whether there was probable cause to support the warrant. *United States v. McMurtrey*, 704 F.3d 502, 504 (7th Cir. 2013); *United States v. Hicks*, 650 F.3d 1058, 1065 (7th Cir. 2011)(stating that "[p]robable cause exists when 'known facts and circumstances' allow a reasonable belief that a search will turn up evidence of criminal activity")(quoting *Ornelas v. United States,* 517 U.S. 690, 696 (1996)).

Ms. Scherr, citing *Franks v. Delaware,* 438 U.S. 154 (1978), argues that Defendant Officers conspired to present false information and to omit material information from the Warrant Complaint, and that there was no probable cause to support the Warrant. (Ans. 8-9). In *Franks*, the Supreme Court held that "[i]f police officers obtain a search warrant by deliberately or recklessly providing the issuing court with false, material information, the search warrant is invalid." *McMurtrey*, 704 F.3d at 504; *see also Mannoia v. Farrow*, 476 F.3d 453, 458 (7th Cir. 2007)(stating that the plaintiff must show that the officer "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officer['s] determinations that probable cause existed for the arrest")(internal quotations omitted)(quoting *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742 (7th Cir. 2003)). When a plaintiff contends that an officer included false statements in an application for a

7

search warrant, the court must determine whether the officer made "false statements in requesting the warrant and [whether] the false statements were necessary to the determination that a warrant should issue." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012)(internal quotations omitted)(quoting *Knox v. Smith,* 342 F.3d 651, 658 (7th Cir. 2003)). When a plaintiff contends that an officer omitted certain facts from an application for a search warrant, the court must determine whether, after "incorporating omitted material facts" into the application, "probable cause existed." *United States v. Harris*, 464 F.3d 733, 738 (7th Cir. 2006).

In the instant action, Ms. Scherr indicates in her complaint that Officer Scherr reported in his Warrant Complaint that the Plants were located in the Residence. Although Ms. Scherr makes conclusory allegations that Officer Scherr affirmatively made false statements in the Warrant Complaint, and that Officer Scherr omitted certain facts, Ms. Scherr fails to allege facts that suggest that such allegations would have negated a finding of probable cause to search the Residence. Probable cause would have existed for the Warrant if "the known facts and circumstances [were] sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.'" *United States v. Aljabari*, 626 F.3d 940, 944 (7th Cir. 2010). Aside from any statements that may have been allegedly made by Officer Scherr in the Warrant Complaint, Officer Scherr's contentions in the Warrant

8

Complaint as to his knowledge of the Plants in the Residence would have been sufficient for a reasonable person to conclude that contraband would be found in the Residence. Ms. Scherr herself alleges that she was illegally growing marijuana in the Residence and that Officer Scherr was aware of such illegal activities in the Residence. Regardless of any additional facts included in the Warrant Complaint, such facts provided a basis for probable cause to search the Residence.

Ms. Scherr also alleges that Officer Scherr omitted material facts from the Warrant, such as that Officer Scherr had been aware of the Plants for several months, that Officer Scherr knew that there was a minimal number of the Plants, and that the Plants were being grown for an ill child. (Compl. Par. 26). However, such facts would not have altered the core fact admitted by Ms. Scherr that she was growing marijuana plants in the Residence and that Officer Scherr was aware that such plants were present in the Residence. Ms. Scherr does not allege facts that suggest that Defendant Officers were aware that Ms. Scherr had destroyed the Plants. Even if Officer Scherr had included such additional facts in the Warrant Complaint, a reasonable person viewing the Warrant Complaint would have had sufficient information to conclude that contraband would be found in the Residence. The facts reflect certain motivations by the parties as to their actions in this unfortunate family feud during a tragedy. However, such motivations by the parties do not alter the

9

uncontested fact that Ms. Scherr was violating the law by growing the Plants in the Residence and that there was probable cause for the Warrant. *See, e.g., Fitzgerald v. Santoro*, 707 F.3d 725, 733 (7th Cir. 2013)(explaining in regard to a Fourth Amendment claim based upon an unlawful seizure that "the officers' alleged motivations here are irrelevant"). Had Ms. Scherr not disposed of the Plants shortly before the DEA Agents entered the Residence, Ms. Scherr's own allegations suggest that Ms. Scherr could have been charged for a drug crime, regardless of Ms. Scherr's motivations for growing the Plants or Officer Scherr's motivations for seeking the Warrant. Ms. Scherr argues that she was merely in the "beginning stages of illegal marijuana cultivation," but she cites no precedent that indicates that such an activity is lawful. Thus, regardless of the allegations as to the statements of Officer Scherr or the alleged omissions made by Officer Scherr in the Warrant Complaint, the allegations in the complaint in this case indicate that there was probable cause for the Warrant.

Since Ms. Scherr has failed to allege facts to suggest that Defendant Officers violated any of her constitutional rights, there is no underlying Section 1983 claim to support a *Monell* claim. *See Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 505 (7th Cir. 2010)(stating that "because there is no underlying constitutional violation, the City cannot be liable under *Monell*"). Therefore, the City's motion to dismiss the

10

*Monell* claim (Count II) is granted.

III. "Class of One" Equal Protection Claims (Count III)

Defendant Officers argue that Ms. Scherr has failed to allege sufficient facts to state a valid Section 1983 "class of one" equal protection claim. For a "class of one" equal protection claim, a plaintiff must show "that [s]he was intentionally treated differently from other similarly situated individuals and that there was no rational basis for this difference in treatment." *Thayer v. Chiczewski*, 705 F.3d 237, 254-55 (7th Cir. 2012). The court notes that Ms. Scherr has not responded at all to Defendant Officers' arguments seeking to dismiss the equal protection claims, thus indicating that she does not oppose a dismissal of such claims. The complaint is devoid of allegations that plausibly suggest that Ms. Scherr was intentionally treated differently than similarly-situated individuals. In addition, in regard to the search of the Residence, as indicated above, Ms. Scherr alleges that she was breaking the law and that Officer Scherr reported the violation of the law. Thus, the facts alleged suggest that there was probable cause to search the Residence and do not suggest that there was not a rational basis for the search of the Residence. The mere fact that Ms. Scherr alleges that Officer Scherr acted due to animosity toward Ms. Scherr is not sufficient to state a valid "class of one" equal protection claim. *Lauth v. McCollum*,

11

424 F.3d 631, 634 (7th Cir. 2005)(stating that "[a]nimus thus comes into play only when, no rational reason or motive being imaginable for the injurious action taken by the defendant against the plaintiff, the action would be inexplicable unless animus had motivated it"). Since Ms. Scherr has not alleged facts that plausibly suggest that she was intentionally treated differently than similarly-situated individuals, or facts that plausibly suggest that there was no rational basis for the search of the Residence, Defendant Officers' motion to dismiss the Section 1983 "class of one" equal protection claims (Count III) is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motions to dismiss are granted.

_Samuel Der-Yeghiayan_
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 9, 2013